No. 2,158.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, *v.* J. N. LONG, APPELLANT.

MURDER IN THE FIRST DEGREE.—Murder in the first degree, unless committed in perpetrating or attempting to perpetrate arson, rape, robbery or burglary, is the unlawful killing, with malice, and with a deliberate, premeditated, preconceived design to take life, though such design may have been formed in the mind immediately before the mortal wound was given.

MURDER IN THE SECOND DEGREE.—Murder in the second degree is the unlawful killing with malice, but without a deliberate, premeditated or preconceived design to kill.

INSTRUCTIONS TO JURY.—PRACTICE ON APPEAL.—When the evidence is not brought up in the transcript the judgment will not usually be reversed for an alleged error in the instructions; but where the Court gives an instruction which is clearly contrary to law, on a particular point, it will be presumed that there was some evidence requiring an instruction on that point.

APPEAL from the District Court of the Second District, Tehama County.

The facts are stated in the opinion.

*Haymond & Stratton*, for Appellant.

The charge is in the very teeth of the doctrine held by this Court in *People* v. *Sanchez* (24 Cal. 28); *People* v. *Foren* (25 Cal. 361); *People* v. *Nichol* (34 Cal. 214.)

In effect, the jury were told that if the defendant, with malice, intentionally killed the person slain, they must find him guilty of murder in the first degree. The vice in this is, that the mere intent to kill is made the distinguishing test between the two degrees of murder, yet the intent to kill may, and often does, exist, and the killing only amounts to murder in the second degree.

*Jo Hamilton,* Attorney General, for Respondent.

In its charge, it was the intention of the Court to convey to the minds of the jury the idea that *premeditated intention* could form no part of the crime of murder in the second degree, but that it was an ingredient of murder in the first degree, which was correct. (*People* v. *Bealoba,* 17 Cal. 395; *People* v. *Foren,* 25 Cal. 365; *Commonwealth* v. *Green,* 1 Ashmead, 296; *Pennsylvania* v. *Lewis,* Addison, 279.)

CROCKETT, J., delivered the opinion of the Court.

The defendant was convicted of murder in the first degree, and has appealed from the judgment. On the trial the Court, after reading to the jury from the statute the definition of murder of the first and second degrees, charged as follows: "Murder, therefore, of the first degree has in it the ingredient of malice towards the person killed; and also a deliberate and premeditated intention to take life. In murder of the second degree there is the same degree of malice as in murder of the first degree, and the killing is done unlawfully, but without the intention to take life." After defining the crime of manslaughter, the Court then proceeds as follows: "Thus you have the three grades of crime included in this indictment; first, murder of the first degree, which is an unlawful killing, accompanied by malice and by a premeditated intention to take life; murder of the second degree, which is the unlawful killing accompanied with malice, but in it was no intention of taking life, for the reason that as soon as that ingredient enters into the killing it becomes murder of the first degree."

This charge was excepted to by the defendant, and is relied upon as error on the appeal.

The different degrees of murder are thus defined in the statute: "All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of wilful, deliberate or premeditated killing, or which shall be committed in the perpetration or attempt to perpetrate any

arson, rape, robbery or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder in the second degree. (Statute concerning Crimes and Punishments, Section 21.) Section 19 of the Act defines murder to be "the unlawful killing of a human being, with malice aforethought, either express or implied." The Court, therefore, correctly charged the jury, that to constitute murder of either the first or second degree the killing must have been unlawful and accompanied with malice; and the charge that to constitute murder of the first degree, there must have been a deliberate and premeditated intention to take life, is perhaps not objectionable, as applied to the facts of the case, though not as broad as the statutory definition, which includes also a killing committed in the perpetration or attempt to perpetrate arson, rape, robbery or burglary. But the Court, in its definition of murder of the second degree, not only fails to define it correctly, but may have confused the jury in respect to the definition of murder in the first degree. The jury was told, in substance, that the only difference between murder of the first and of the second degree is, that in the former there must be an intention to take life, whilst in the latter there is not. But to constitute murder of the first degree there must be not only an intention to take life, but it must also be a "deliberate and premeditated killing;" nor is it true that in murder of the second degree there must, of necessity, be an absence of all intention to take life. On the contrary, the true distinction between the two grades of the offense is, that in murder of the first degree, unless it was committed in perpetrating or attempting to perpetrate arson, rape, robbery or burglary, the killing must be deliberate and premeditated, whilst in murder of the second degree the killing is not deliberate or premeditated. In the one case there is a deliberate, premeditated, preconceived design, though it may have been formed in the mind immediately before the mortal wound was given, to take life. In the other case there is no deliberation, premeditation, or preconceived design to kill. In both, however, the killing must have been unlawful and accompanied with malice. We think

the charge of the Court may have misled the jury in respect to the proper distinction between the two grades of the offense. (*People* v. *Sanchez*, 24 Cal. 28; *People* v. *Foren*, 25 Cal. 361; *People* v. *Nichol*, 34 Cal. 214.)

The evidence is not brought up in the transcript, and usually in such cases the judgment will not be reversed for an alleged error in the instructions. We must assume, from the fact that the Court instructed the jury in relation to murder in the second degree, that there was some evidence in the case requiring an instruction on that point; but as the instruction is not and cannot in any conceivable state of the evidence be a correct definition of murder in the second degree, we cannot say that the error was not productive of any injury to the defendant.

Judgment reversed and a new trial ordered.