[No. 10,561.—Department One.]
*October 20, 1880.*

## THE PEOPLE *v.* HENRY F. GRIGSBY.

APPEAL—FILING OF NOTICE—WAIVER.—Notice of appeal was dated September 6, and filed September 7, 1880, but by written indorsement due service was acknowledged by the District Attorney.

*Held:* If the law requires the service to be made *after* the notice was filed (a question not decided), here is an admission of due service, which must be construed service after the filing.

MURDER IN THE FIRST DEGREE—DEFINITION—MALICE—INSTRUCTION.—The Court charged the jury, that if they found from the evidence that the defendant did, on the day specified in the indictment, with malice aforethought, unlawfully kill the deceased, then they should find the defendant guilty of *murder in the first degree.* *Held,* erroneous.

APPEAL from a judgment of conviction in the Superior Court of San Luis Obispo County. McMURTRY, J.

*Dillard & Venable,* for Appellant.

*Graves & Graves,* for Respondent.

McKINSTRY, J.:

The Attorney General moves to dismiss the appeal, on the ground that the transcript shows the notice of appeal to have been served before it was filed.

The Penal Code, Section 1240, provides: "An appeal is taken by filing with the Clerk of the Court in which the judgment and order appealed from is entered or filed, a

notice, stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party."

The notice of appeal, as appears from the record before us, is dated September 6, 1880, and was filed September 7, 1880.

On the notice filed is an acceptance of service in words following: "I hereby acknowledge due service upon me of a copy of the above notice. (Signed) Ernest Graves, District Attorney."

If the law requires the service to be made *after* the notice is filed (a question we do not decide in this case), here is an admission of "due service," which must be construed service after the filing.

The motion to dismiss the appeal is denied.

Ross and McKee, JJ., concurred.

McKinstry, J.:

The Court charged the jury: "If you find from the evidence beyond a reasonable doubt that the defendant did, on the twenty-eighth of February, 1880, with malice aforethought, unlawfully kill Vivian Torres, then you will find the defendant guilty of murder in the *first degree.*"

If the instruction is correct, *murder* of the second degree is the unlawful killing of a human being *without malice.* But the Attorney General properly admitted the instruction to be erroneous.

Judgment and order reversed, and cause remanded for a new trial.

Ross and McKee, JJ., concurred.