[No. 1,085.]

# THE STATE OF NEVADA, RESPONDENT, v. CHARLEY HING, APPELLANT.

INDICTMENT FOR MURDER—WILLFUL, DELIBERATE, AND PREMEDITATED—MALICE AFORETHOUGHT.—In reviewing an indictment for murder: *Held*, that charging the homicide to have been with "malice aforethought" is tantamount to an averment that the act was "willful, deliberate, and premeditated."

ALLOWANCE OF CHALLENGE FOR IMPLIED BIAS—NOT SUBJECT OF REVIEW.—The allowance of a challenge for implied bias is not the subject of an exception.

IDEM—GENERAL OR PARTICULAR CAUSE OF CHALLENGE—CONSCIENTIOUS OPINIONS.—A juror was excused upon the ground that he entertained such conscientious opinions concerning capital punishment as would preclude his finding defendant guilty of an offense punishable with death: *Held*, that the objection to the juror did not go to the general cause of challenge; that he was disqualified from serving in any case, but to the particular cause, that he was disqualified from serving on the case on trial.

CREDIBILITY OF WITNESSES—INSTRUCTION.—In reviewing an instruction relative to the credibility of a witness jointly indicted with defendant: *Held*, that the attention of the jury may be directed to the peculiar circumstances surrounding any witness that are proper to be considered in determining the weight to be attached to his testimony.

OMISSION TO GIVE INSTRUCTIONS.—The omission of the court to instruct a jury upon any particular point, when the same is not definitely requested, is not the subject of an exception,

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts appear in the opinion.

*L. A. Buckner*, for Appellant.

*M. A. Murphy*, for Respondent.

By the Court, BELKNAP, J:

Appellant was convicted of the crime of murder of the first degree, and sentenced to be executed. He appeals from the judgment and from an order overruling his motion for a new trial. The first assignment of error arises upon the action of the court in overruling a motion in arrest of judgment, founded upon the alleged insufficiency of the indictment to support a judgment of conviction of murder of the first degree.

The indictment charges that the defendants Charley Hing and Tang Yan, "on the eighth day of May, A. D. 1881, or thereabouts, and before the finding of this indictment, at the said county of Humboldt, state of Nevada, without authority of law and with malice aforethought, killed," etc. The statute defining the degrees of murder provides, "all murder which shall be perpetrated by poison, or lying in wait, torture, or by any other kind of willful, deliberate, and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree. * * *"

From this definition of murder of the first degree, it is argued that as the indictment failed to aver willfulness, deliberation, and premeditation, which are essential constituents of the crime of murder of the first degree, it does not support the judgment rendered. The statute declares that the indictment shall be sufficient if it can be understood therefrom "that the act or omission charged as the offense is clearly and distinctly set forth, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended," (Sec. 2323, Comp. L.)

The indictment meets all of the requirements of this section of the statute; it follows the form prescribed by the legislature for indictments for murder, in charging the act to have been done with "malice aforethought," and such charge is tantamount to an averment that the act was "will-

ful, deliberate, and premeditated." (*People* v. *Dolan*, 9 Cal. 576; *People* v. *Murray*, 10 Id. 309; *People* v. *Vance*, 21 Id. 400; *State* v. *Thompson*, 12 Nev. 140; *State* v. *Crozier*, Id. 300.)

The next point relied upon is the allowance of a challenge by the district attorney for implied bias to one James A. Robinson, who had been returned upon the venire, and who was excused upon the ground that he entertained such conscientious opinions concerning capital punishment as would preclude his finding a defendant guilty of an offense punishable with death.

In *State* v. *Larkin*, 11 Nev. 314, and in *State* v. *Pritchard*, 15 Id. 79, this court held that the allowance of a challenge for implied bias was not the subject of an exception. So it has been repeatedly held by the supreme court of California under a statute similar to ours. (*People* v. *Murphy*, 45 Cal. 137; *People* v. *Cotta*, 49 Id. 167; *People* v. *Vasquez*, Id. 560; *People* v. *Atherton*, 51 Id. 495.)

The reason upon which this ruling is based is well stated in *People* v. *Murphy*, 45 Cal. 142, in the following language:

"By the criminal practice act (sec. 433) it is provided that an exception may be taken to the decision of the court upon a matter of law in *disallowing a challenge to a juror for implied bias*. The action of the court in *allowing* such a challenge is not included, but is omitted, and *ex industria* omitted; in other words, excluded by the statute itself as forming the subject of an exception. This distinction was pointed out by the attorney general, in *People* v. *Stewart*, 7 Cal. 140, but was then apparently overlooked by the court —at least it was not adverted to in the opinion delivered in that case. The reason, and it is a sensible one, upon which the statute proceeds, is that when a competent jury, composed of the requisite number of persons, has been impaneled and sworn in the case, the purpose of the law in that respect has been accomplished; that, though in the impaneling of the jury one competent person be rejected, yet, if another competent person has been substituted in his stead, no injury has been done to the prisoner, certainly no

injury which a new trial would repair, because even should a venire *de novo* be awarded, it is not pretended that the prisoner could insist upon the excluded person being specially returned upon the panel. The result would be that the prisoner would probably be tried again by another competent jury, of which the excluded person would not be a member, and so the new trial would only be to do over again that which had been done already."

Upon this subject it is further contended that the action of the court should be reviewed because the ground of challenge is, in fact, general rather than particular.

Section 1961 declares: "A challenge for cause may be taken by either party. It is an objection to a particular juror, and is either: First, general, that the juror is disqualified from serving in any case; or second, particular, that he is disqualified from serving in the case on trial." Section 1963 defines implied bias to be such a bias as, when the existence of the facts is ascertained, in judgment of law disqualifies the juror, and this is properly made one of the particular causes for challenge The subsequent section, in its ninth subdivision, declares that if the offense charged be punishable with death, the entertaining of such conscientious opinions by the juror as would preclude his finding the defendant guilty, shall be cause for challenge for implied bias. It is apparent that the objection to the juror did not go to the general cause of challenge, that he was disqualified from serving in any case, but to the particular cause that he was disqualified from serving on the case on trial.

The third objection is taken to the giving of an instruction touching the matters proper for the jury to consider in determining the credibility to be given to the testimony of Tang Yan, who was jointly indicted with appellant.

The instruction is as follows: "The defendant, Tang Yan, has offered herself as a witness in behalf of the defendants in this trial, and in considering the weight and effect to be given to her evidence, in addition to noticing her manner and the probability of her statements, taken in connection with the evidence in the cause, you should consider

her relation and situation under which she gives her testimony, the consequences to her relating from the result of this trial, and all the inducements and temptations which would ordinarily influence a person in'her situation. You should carefully determine' the amount of credibility to which her evidence is entitled. If convincing, and carrying with it a belief in its truth, act upon it; if not, you have a right to reject it."

The point of the objection appears to be that whilst this instruction was correct in so far as the testimony of Tang Yan applied to herself, it placed her testimony relating to appellant in a less favorable light before the jury than that of the other witnesses. The objection is untenable. Whilst it is customary for courts to instruct juries in reference to the testimony of defendants in criminal cases, who offer themselves as witnesses, the.attention of the jury may be directed to the peculiar circumstances surrounding any witness and proper to be considered in determining the weight to be attached to his testimony. Finally, it is claimed that the facts of the case required the.application of a rule of law upon which no instruction was given. This objection is answered by the fact that no instruction on the subject was requested. The omission to instruct when not definitely requested is not the subject of an exception.

There. being no error in the record, the order and judgment are affirmed and the district court directed to appoint a day for the execution of its sentence.