[No. 1425.]

THE STATE OF NEVADA, PLAINTIFF AND RESPONDENT, *v.* WONG FUN, DEFENDANT AND APPELLANT.

(Syllabus by BIGELOW, C. J.)

1—INSTRUCTION—MURDER. FIRST DEGREE.—A murder not perpetrated by means of poison, lying in wait, or torture, nor in the perpetration, or attempt to perpetrate, arson, rape, robbery or burglary, can only become murder in the first degree by being willful, deliberate and premeditated; an instruction which ignores these conditions, and informs the jury that if they find that the defendant unlawfully and with malice aforethought killed the deceased, their verdict must be murder in the first degree, is erroneous.

2—"MALICE AFORETHOUGHT" NOT SYNONYMOUS WITH "WILLFUL, DELIBERATE AND PREMEDITATED."—The words "willful, deliberate and premeditated," as used in the statute, defining murder in the first degree, are not synonymous with "malice aforethought."

3—VERDICT—EVIDENCE TO SUPPORT.—Where there is evidence to support the verdict of the jury, the supreme court cannot reverse the judgment upon the ground of insufficiency of the evidence.

APPEAL from judgment on verdict of guilty of murder in first degree and order denying motion for new trial, from District Court, White Pine county; *George F. Talbot,* District Judge.

*Henry Rives* and *F. X. Murphy*, for Appellant:

The defendant rests his application for a new trial upon the ground that the verdict is contrary to law and evidence. If the defendant committed a crime in the killing of the deceased, it could only amount to murder in the second degree. The evidence, without contradiction clearly establishes that the killing was done without premeditation, or any mixture of deliberation, when the situation of the parties was equivocal and the provocation offered by the deceased was very great and calculated to exasperate and greatly excite the defendant, and while the attitude of the deceased was menacing and threatening. There is no contradiction in the evidence but that the defendant was greatly excited at the time of the killing, and for some time thereafter. There is no contradiction in the evidence but that the defendant for many years prior had been, and at the time of the killing continued to be, insane, or at least of unsound mind, and hence lacking in discretion, and this, taken in connection with the circumstances surrounding the parties, establishes that the crime, if crime was committed, could not have exceeded murder in the second degree. The verdict, taken in connection with the evidence, shows that it was the result of prejudice on the part of the jury.

*Robt. M. Beatty*, Attorney-General, and *A. B. Treece*, District Attorney of White Pine county, for Respondent:

Appellant having waived all legal grounds of exception save the statutory "Sixth," Crim. Prac. Act, sec. 128, and believing that the cobwebian argument of counsel for appellant has been successfully brushed aside, we will attempt to reply to the only point in appellant's brief that has even a semblance of foundation upon which to be based, and will confidently submit the case as appellant has done, upon the sole argued exception, namely, " that the verdict is contrary to law and evidence," and that the killing could amount to only murder in the second degree, if at all a crime. That the killing was a crime cannot be gainsaid; if a crime, the killing must necessarily have been unlawful, and if with malice aforethought, it amounted to murder (Com. Laws, sec. 2321), and it remained for the jury to fix the degree. It has done so, and this court will not interfere therewith. The

fact being that appellant relies wholly in this court on the "sixth" statutory ground of exception, the court will consider the appeal only upon that question, and will, under the circumstances, not disturb the judgment of the district court.

*Robt. M. Beatty,* Attorney-General, at request of the Court, further for Respondent:

The court having called special attention at the oral argument of this case to one of the instructions and asked my views upon it and kindly given me permission to file the same in writing, I herewith present this:

The indictment is for "without authority of law and with *malice aforethought*" killing deceased "by *shooting him with a pistol as charged in the indictment;*" it must be murder in the first degree.

It was laid down by this court in an opinion by one of the present justices as follows: "Indictments for murder charging the act to have been done with *malice aforethought,*" is "tantamount to an averment that the act was *willful, deliberate and premeditated.*" (*State* v. *Hing,* 16 Nev. 308–9.)

Again, in *People* v. *Vance,* 21 Cal. 402, cited by Justice Belknap in the Hing case, *supra,* the matter is set forth to the same effect simply transposed. Justice Field in this decision says: "The objection that malice aforethought is not used in the indictment is met by the fact that words '*equivalent* in their *import* to malice *aforethought* are used,' *viz.,* willfully 'maliciously, feloniously and premeditatedly.'"

Now let us go back to the first case decided on the Pacific coast on this subject, as early as 1858, and which is the foundation of all the cases on the subject since. There we find that the court, in passing upon "*malice aforethought,*" adopts Webster's definition of "aforethought" as meaning "*premeditated,*" and declares "deliberate" and "premeditated" to be synonymous. (*People* v. *Dolan,* 9 Cal. 583.)

And these cases, except one, all resulted in convictions of capital crimes. Hence I say if these be all "tantamount" (*State* v. *Hing*), or "equivalent in import" (*People* v. *Vance*), and "synonymous" (*People* v. *Dolan*), as used in the indictment, then "without authority of law and with *malice aforethought* by shooting with a pistol *as charged in the indictment,*" as used in *this instruction,* must necessarily be

tantamount and of equivalent import to and synonymous
with willfully, maliciously, feloniously, *deliberately* and *pre-
meditatedly.* What else could it be? Could a man possibly
kill another without authority of law and with malice afore-
thought by shootinng him with a pistol, *as charged in this
indictment,* and be guilty of any less crime than murder in
the first degree when malice aforethought as used in this
indictment means or is tantamount and equivalent in import
to and synonymous with willfully, maliciously, feloniously,
deliberately and premeditatedly? And can we even imagine
that *malice aforethought* does not mean and embrace every
other one of these terms? Could the instruction have been
made any more legal by tautologizing it so that it would
have read malice aforethought with all the synonyms thus:
"If you believe, etc., without authority of law and with
malice aforethought, willfully, maliciously, feloniously, de-
liberately and premeditatedly kill, as charged in the indict-
ment, by shooting with a pistol." I submit that it would
not, and if all not necessary, then none of these synonyms or
tantamount words were. Again deliberation and premedita-
tion are used neither connectively nor disjunctively, but
synonymously in our statute, and if either be proven the
killing will be murder of the first degree. "Under our
statute," says this court in 15 Nev. 415, "express *malice*
necessarily renders any murder murder of the. first degree.
There may be murder of the first degree without it, but it
*cannot coexist* with murder of the second degree."

In this instruction the jury is charged that it must find
*malice* and that, too, *aforethought, i. e.,* premeditated. (Web-
ster and *State* v. *Dolan, supra*), and if premeditated malice
and that malice *express,* it is murder in the first degree by
this case of *State* v. *Lopez,* and in the case now submitted to
this court all the evidence proves beyond a reasonable doubt
that the defendant killed deceased with that deliberate and
premeditated, *i. e.,* malicious, intention unlawfully to take
away the life of a fellow creature. "Manifested by external
circumstances capable of proof" is defined by our statute to
be express malice. (Crimes and Punishment Act, sec. 16.)

Nowhere in the case can a scintilla of proof be found to
establish implied malice, but if it were there, it would make
no difference to the defendant, because any *malice afore-*

*thought* constitutes deliberation, premeditation, etc., etc., which, with the balance of the charge and the instructions taken altogether, constitutes murder of the first degree.

If this be not all sufficient, I call the court's attention to the fact that as this court ever construes and considers the whole case together, this questioned instruction is immediately followed by others defining the degrees of murder and all the grades and classes of homicide, so that even if this instruction does not state the whole law of the case, which I can never confess in the light of the foregoing authorities, still, any evil that might have arisen from its supposed erroneousness was wholly cured by what followed and was given in connection with it, and the defendant could not have been prejudiced by it in the light of all the testimony and all the instructions, and leaving the case I respectfully urge a consideration of section 33 of our crimes and punishments act.

By the Court, BIGELOW, C. J.:

The defendant was convicted of murder in the first degree and appeals. The charging part of the indictment reads as follows: "The said George Fong, on the 4th day of October, A. D. 1894, or thereabouts, without authority of law, and with malice aforethought, killed one Hing Lee, a human being, by shooting him with a pistol, at said county, State of Nevada."

Under our statute dividing murder into two degrees, and the one providing a form of indictment, this indictment is sufficient to support a verdict of murder in the first degree, although it does not charge that the killing was done with premeditation and deliberation. (*State* v. *Millain*, 3 Nev. 409, 439; *State* v. *Thompson*, 12 Nev. 140; *State* v. *Hing*, 16 Nev. 307.)

In the second instruction, marked "State's Instruction," the court instructed the jury as follows: "The court instructs you that if, from all the evidence, you are satisfied, beyond a reasonable doubt, that the defendant, Wong Fun, on the 4th day of October, A. D. 1894, at the county of White Pine, State of Nevada, without authority of law, and with malice aforethought, killed Hing Lee by shooting him with a pistol, as alleged in the indictment, your verdict must be, 'Guilty of murder in the first degree.'" And again, in

" State's Instruction No. 1," the jury were instructed that if they were " satisfied, beyond reasonable doubt, that he did kill the deceased at the time and place and in the manner charged in the indictment, without legal justification, your verdict must be, ' Guilty of murder in the first degree.' "

These instructions are clearly erroneous. They define murder in the second degree, and then inform the jury that, if they find those conditions to exist, they must convict the defendant of the first degree. Section 17 of the act concerning crimes and punishments (Gen. Stats., sec. 4581) provides that: "All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery, or burglary, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree." As it is not claimed that the murder in this case was perpetrated by means of poison, or lying in wait, or torture, nor that it was done in the perpetration, or attempt to perpetrate, any of the other offenses mentioned, it could only become murder of the first degree by having been willful, deliberate, and premeditated. Without these constituents, the crime would only be murder of the second degree, and it is the failure to notice these most important conditions in the definition of murder of the first degree that makes the instructions erroneous. (*State* v. *Millain*, 3 Nev. 409, 445; *State* v. *Anderson*, 4 Nev. 265, 276; *People* v. *Valencia*, 43 Cal. 552; *People* v. *Iams*, 57 Cal. 115, 117; *People* v. *Gaunce*, 57 Cal. 154; *People* v. *Grigsby*, 62 Cal. 482.)

The reference to the indictment does not help the instructions any upon this point, because, as we have seen, the indictment does not allege that the killing was committed " willfully, deliberately and premeditatedly; " conditions that, although not necessary to be stated in the indictment, must be found by the jury to exist, before they are justified in rendering a verdict of murder in the first degree.

It is argued by the attorney-general that the term " malice aforethought," used in the instruction, is equivalent to the terms " willful, deliberate and premeditated," but we cannot agree with that contention. Malice aforethought must exist

in both degrees of murder, but if nothing more is shown it
is murder of the second degree. (Whart. Hom., sec. 194.)
The adjectives " willful, deliberate and premeditated," as used
in the statute, mean something over and above malice afore-
thought. (*People* v. *Long*, 39 Cal. 694; *People* v. *Doyell*, 48
Cal. 85.)

There was some evidence to support the verdict of murder
in the first degree, and under these circumstances, whether
it was such or not, and whether the defendant was insane at
the time of the killing, were questions pre-eminently for the
jury. With their conclusions this court cannot interfere.
(*State* v. *Raymond*, 11 Nev. 99; *State* v. *Crozier*, 12 Nev. 300;
*State* v. *Mills*, Id. 403.)

The judgment is reversed, and cause remanded for a new
trial.