EDWARD BLEEKER ELIAS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 3958

April 30, 1957                                              310 P.2d 621

(Petition for rehearing denied June 17, 1957.)

*R. Dale Cook* and *John W. Bonner,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, and *George M. Dickerson,* District Attorney, of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

Appellant was convicted of murder of the first degree and his punishment fixed at death by the jury. His appeal is from the judgment and from the order denying his motion for a new trial.

In a criminal complaint filed in the justice's court of Las Vegas Township, Clark County, Nevada, on September 28, 1955, appellant was charged with the murder of his wife, Lucy Elias, wilfully, feloniously and with malice aforethought, alleged to have been committed on or about the 23d day of September, 1955, in Clark County, State of Nevada.

A preliminary hearing was held on October 14, 1955 in the justice's court of Las Vegas Township, Clark County, Nevada.

At the conclusion of the preliminary hearing, the justice of the peace caused to be certified to the district court, the complaint, warrant, docket, order, and a commitment, which commitment and order inter alia provided:

"* * * be held to answer upon the charge of murder * * *"

"* * * defendant to be held without bail. * * *"

On October 18, 1955, an information was filed in the Eighth judicial district court of the State of Nevada in and for the county of Clark, charging the appellant, Edward Bleeker Elias, with the crime of murder.

It was alleged in said information that the said Elias, on or about the 23d of September, 1955, at and within the county of Clark, State of Nevada, did then and there, without authority of law, wilfully, feloniously and with

malice aforethought, kill and murder Lucy Elias, a human being, by then and there shooting said Lucy Elias, with a gun, to-wit, a Harrington and Richards 22-calibre revolver.

In the appellant's opening brief assignments of error are stated as follows:

1. The order and commitment holding appellant to answer was fatally defective in failing to specify the degree of murder.

2. The order and commitment was fatally defective in ordering appellant held without bail, without stating that there was probable cause that first degree murder had been committed.

3. The court erred in denying appellant's motion for a new trial.

By his first assignment of error appellant contends that the order and commitment holding appellant to answer was fatally defective in failing to specify the degree of murder. It is our opinion that this contention is without merit.

In the case of Ex Parte Wm. Willoughby, 14 Nev. 451, 453, the warrant of commitment recited that Willoughby had been held to answer "the charge of murder by being an accessory before the fact, to the killing of P. L. Traver, at Metallic City, Esmeralda County, State of Nevada, on or about the fifth day of January, A.D. 1880."

The defendant contended that the warrant did not specify any offense known to the law. The court held: "This satisfies all the requirements of the statute (Vol. 1, C.L.1794). It states the nature of the offense—murder—and the time and place where committed." Accord: State v. Munios, 44 Nev. 353, 357, 195 P. 806. State v. Blackwell, 65 Nev. 405, 415, 198 P.2d 280, 200 P.2d 698.

Upon his second assignment of error, that the commitment was defective in ordering defendant to be held

without bail, defendant relies upon St. v. Teeter, 65 Nev. 584, 200 P.2d 657. That case is distinguishable in that no preliminary hearing was had or testimony presented to the magistrate from which a determination might have been made that a capital offense was involved. As was ultimately demonstrated, a capital offense was not, in fact, involved. In the case at bar, from the testimony presented on preliminary hearing, no other conclusion could fairly have been reached than that the facts would support a charge and conviction of first degree murder. We conclude that there is no merit in this contention. See Ex Parte Nagel, 41 Nev. 86, 167 P. 689: Ex Parte Finlen, 20 Nev. 141, 18 P. 827.

Appellant's third assignment of error challenges the sufficiency of the evidence. It is the contention of the appellant that the evidence introduced was insufficient to establish that the killing was perpetrated with express malice aforethought.

In State v. Bourdlais, 70 Nev. 233, 255, 256, 265 P.2d 761, 771, this court stated:

"It has been the rule in the State of Nevada, long established and consistently adhered to by this court, that if there is substantial evidence to support the verdict of the jury, the evidence will not be weighed by this court, nor the verdict or judgment disturbed. This court cannot reverse the judgment upon the ground of insufficiency of the evidence where there is substantial evidence to support the verdict of the jury. State v. Wong Fun, 22 Nev. 336, 40 P. 95; State v. Boyle, 49 Nev. 386, 248 P. 48; State v. Teeter, 65 Nev. 584, 200 P.2d 657; State v. McKay, 63 Nev. 118, 165 P.2d 389; 167 P.2d 476; State v. Fitch, 65 Nev. 668, 200 P.2d 991."

We have examined the entire case and in our opinion the evidence supports the verdict.

No error appearing, the judgment and the order denying appellant's motion for a new trial are hereby affirmed; the application for modification of the judgment by reducing the degree of the crime is hereby

denied, and the district court is directed to make the proper order for carrying into effect, by the warden of the state prison, of the judgment rendered.

BADT, C. J., and MERRILL, J., concur.