JOHN WILLIAM LANGLEY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5375

April 29, 1968                    439 P.2d 986

*Richard H. Bryan,* Public Defender, and *Robert N. Peccole,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Earl P. Gripentrog,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

We are requested to annul a conviction of attempted first-degree murder for the reason that the indictment did not allege "premeditation." The sufficiency of the evidence to support the conviction is not challenged. The appellant has not demonstrated, to any degree, that the omission of the word "premeditation" resulted in a miscarriage of justice or actually prejudiced him in respect to a substantial right. NRS 169.110; NRS 173.320.[1] Accordingly, the omission, if error at all, is harmless, and for this reason we could properly decline to further discuss the point. However, since this claim of error rests upon language contained in a recent opinion of ours (Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966)), we think it best to decide the matter.

We wrote in Graves, supra: "Also there is a distinction in

---

[1] NRS 169.110 provides: "No judgment shall be set aside, or new trial granted, in any case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter or pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case, it shall appear that the error complained of has resulted in a miscarriage of justice, or has actually prejudiced the defendant, in respect to a substantial right."

NRS 173.320 reads: "No indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant upon its merits."

the factual allegations which must be made and proved in attempted murder and assault with intent to kill. In the former, malice and premeditation must be alleged and proved. In the latter, there is no such requirement of allegation or proof to convict." Id. at 437. That language was used to differentiate between two crimes. It was not intended to delineate the sole method of charging attempted murder. Words conveying the same meaning are sufficient. Although the indictment in this case did not use the precise word "premeditation," it used other words carrying the same connotation. It alleged that the defendant did "willfully, unlawfully, feloniously and with malice aforethought, attempt to kill and murder * * *." The dictionary states that wilful means intentional, and deliberate means intentional and premeditated. Webster's New International Dictionary, 2d Ed. Indeed, common sense demands that the words "wilful" and "premeditate" are not so remote in esesntial meaning that the use of one without the other would leave a defendant unapprised of the charge against him, or render him unable to prepare a defense thereto. The present indictment satisfies the intendment of the Graves decision.

Other errors are claimed to have occurred before and during trial. The appellant seeks to fault the trial court for declining his request for a psychiatric examination before taking his plea to the indictment. The record shows only a request for such examination. Nothing was presented to the court at that time to raise doubt as to sanity or competency to stand trial. NRS 178.405. In these circumstances the court acted within the permissible limits of its discretion. Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966); see also Peoples v. State, 83 Nev. 115, 423 P.2d 883 (1967); cf. Krause v. Fogliani, 82 Nev. 459, 421 P.2d 949 (1966).

During trial photographs of the scene of the crime, the weapon, and the victim were received into evidence over objection that they would inflame and provoke passion in the minds and hearts of the jurors. The photos apparently were accurate portrayals. Since the purpose of trial is to ascertain and disclose the truth we should not declare inadmissible evidence which is relevant to that purpose and the issues simply because it damages the defense. The photographs were properly admitted. Guyette v. State, 84 Nev. 160, 438 P.2d 244 (1968); Morford v. State, 80 Nev. 438, 395 P.2d 861 (1964); State v. Gambetta, 66 Nev. 317, 208 P.2d 1059 (1949).

We have considered the assigned errors regarding jury instructions and find them to be without substance.

Affirmed.

COLLINS, ZENOFF, BATJER, JJ., and MANN, D. J., concur.