JOSE L. P. GALLEGOS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 5532

November 7, 1968                    446 P.2d 656

*Harry M. Watson,* of Ely, and *Harry E. Claiborne,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *Merlyn H. Hoyt,* District Attorney, White Pine County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Jose L. P. Gallegos was found guilty of murdering his wife and sentenced to the state prison for life without possibility of parole. His points of error on appeal are directed principally against an alleged error in the drafting of the information, although he contends that there are other errors which require reversal of his conviction. In all respects we affirm the rulings of the trial court.

1. The information charged that Gallegos wilfully, unlawfully, feloniously, deliberately and premeditately killed his wife. He contends that the failure to accuse him in the language of NRS 200.010 which defines murder as the unlawful killing of a human being with malice aforethought makes the information fatally defective because the words "malice aforethought" are not in the accusation against him.

Neither the statutes nor the courts insist upon strict conformance to the statutory phraseology in the charging portion of an information. If the words used convey the same meaning as those in the statute, and the substantial rights of the defendant are not prejudiced, words of common understanding are acceptable. NRS 173.300; NRS 173.100; NRS 173.320; Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968). The words "wilfully, unlawfully, feloniously, deliberately and premeditately" convey the same meaning as "malice aforethought." A person of common understanding would know what was intended by the information filed against Gallegos and that is all that NRS 173.310(6) requires. No prejudice resulted to Gallegos by the use of the substituted words.

2. The trial court refused Gallegos' request for two instructions on his theory of insanity. Insanity is in the nature of an

affirmative defense. Sanity is presumed and in order to overcome this presumption the defendant must establish his insanity by a preponderance of evidence. State v. Bourdlais, 70 Nev. 233, 265 P.2d 761 (1954); State v. Lewis, 20 Nev. 333, 22 P. 241 (1889). The jury was not only properly instructed, but its verdict is supported by substantial evidence on this issue. Elias v. State, 73 Nev. 108, 310 P.2d 621 (1957).

3. The prosecutor added names of witnesses to the information after it was filed. NRS 173.080. The court may exercise its discretion liberally in allowing additional names subject, however, to possible prejudice to the defendant which can usually be cured by giving him additional time to prepare for their testimony. Dalby v. State, 81 Nev. 517, 406 P.2d 916 (1965); State v. Monahan, 50 Nev. 27, 249 P. 566 (1926). No complaint is made by Gallegos that he was prejudiced by the adding of the witnesses to the list he already had.

4. While he was in custody Gallegos sent word through the police that he would like to talk to his niece who was employed elsewhere in the courthouse. The message was delivered and while she was talking to him he admitted the crime. She testified to the admission at the trial. He now contends that because he had not been given warnings in accordance with Miranda v. Arizona, 384 U.S. 436 (1966), the evidence was improper. The defendant was not interrogated; therefore, the Miranda requirements do not apply. Guyette v. State, 84 Nev. 160, 438 P.2d 244 (1968); cf. Ibsen v. State, 83 Nev. 42, 422 P.2d 543 (1967). See also Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967).

5. We find no error in the admission into evidence of either photographs of the deceased or bloody garments. Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968); State v. Holt, 47 Nev. 233, 219 P. 557 (1923); State v. Roberts, 28 Nev. 350, 82 P. 100 (1905). Other allegations of error are equally without merit.

Gallegos is an indigent and has been represented by court-appointed counsel. Accordingly, we direct the district court to give counsel the certificate specified in NRS 7.260(3) to enable

him to receive compensation as provided in NRS 7.260(4) for services on appeal.

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.