MELVIN C. WATKINS, Appellant, *v.* SHERIFF,
CLARK COUNTY, NEVADA, Respondent

No. 6489

May 14, 1971                           484 P.2d 1086

*John W. Bonner,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District
Attorney, *Charles L. Garner,* Deputy District Attorney, Clark
County, for Respondent.

## OPINION

*Per Curiam:*

The appellant was charged by criminal complaint with "furnishing narcotics" in violation of NRS 453.030 and NRS 453.210(2). After a preliminary examination he was bound over to the district court for trial. He sought a writ of habeas corpus on the grounds that the complaint, and the information which was subsequently filed using the same language as was used in the complaint, failed to state a public offense under the provisions of NRS 453.010–453.240, in that the act of "furnishing narcotics" is not explicitly included in the acts prohibited by the statutes. The district court denied the petition and this appeal is taken from that order of denial.

The acts expressly prohibited are found in NRS 453.030.[1] Although the language of the complaint and the information does not specifically charge the appellant with any of the listed prohibited acts,[2] another section, NRS 453.020, supplies definitions of certain of those acts which sufficiently broadens the scope of NRS 453.030 to include the act of "furnishing narcotics." The prohibited act of "dispensing" is defined[3] to include "distribute, leave with, give away, dispose of, or deliver." In addition, a sale is defined[4] as including "barter, exchange, or gift, or offer therefor. . . ."

The complaint and the information could have been more concisely drafted to preclude the attack. However, neither the statutes nor the decided cases insist upon strict conformance to

---

[1] NRS 453.030: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in NRS 453.010 to 453.240, inclusive." (See also NRS 453.210(2).)

[2] The complaint and the information charge the appellant with having "committed the crime of *furnishing narcotics* (felony—NRS 453.-030 and NRS 453.210(2)) in the manner following, to-wit: That [he] . . . did then and there willfully, unlawfully, and feloniously furnish *narcotic drugs*, to-wit, Cannabis Sativa L., commonly known as marijuana, to a person over the age of 21 years. . . ." (Emphasis added.)

[3] NRS 453.020(5): " 'Dispense' includes distribute, leave with, give away, dispose of, or deliver."

[4] NRS 453.020(16): " 'Sale' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

the statutory phraseology in the charging portion of an information, and if the words used convey the same meaning as those in the statute, and the substantial rights of the defendant are not prejudiced, words of common understanding are acceptable. Gallegos v. State, 84 Nev. 608, 446 P.2d 656 (1968).[5] The word "furnishing" as contained in the complaint and information portrays the same meaning as other acts explicitly prohibited by the statute, and a person of common understanding would know what was intended by the information filed against this appellant.

It is to be noted that NRS 453.210(2), in designating the penalty to be assessed, specifically includes "supplying or giving away of narcotic drugs or marijuana."

"Furnish" as defined in Webster's Third New International Dictionary includes "To provide; supply; give; to provide or supply with what is needed, useful, or desirable; to make a gift of something (needed or desirable); [I]t is a general term indicating supplying and providing, it may apply to anything supplied."

In People v. Hill, 129 P. 475 (Cal.App. 1912), it was said: "[U]nder the charge made, a person described as 'furnishing' liquor might be proved to be one who had given it away."

"Furnishing narcotics" is within the scope of our statutes prohibiting the sale or dispensing of any narcotic drug, although they do not expressly so forbid. Cf. Glosen v. Sheriff, 85 Nev. 166, 451 P.2d 843 (1969), where we held that the definition of a "sale" under NRS 453.020(16), was sufficiently broad to include the conduct of an accused who made no profit from the transaction. The requirements of NRS 173.075[6] have been met.

---

[5]Construing former NRS 173.300, NRS 173.100, NRS 173.320 and NRS 173.310(6) which have since been repealed and superseded by NRS 173.075.

[6]NRS 173.075: "1. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the district attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement.

"2. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

"3. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

236

Furthermore, the appellant has shown no prejudice as a result of the use of the substituted word "furnish." Unless an accused is able to affirmatively demonstrate that the information is so defective that it results in a miscarriage of justice or actually prejudices him in respect to a substantial right, no relief will be afforded him, even when the challenge is made before trial. Cf. Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968) and Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970).

In this instance the charge was sufficiently clear to enable the appellant to adequately prepare a defense, and the information is sufficiently clear under the general principles of law by which it must be tested. The appellant has failed to show any prejudice to his defense. We find no error in the order of the district court denying the writ of habeas corpus.

Affirmed.