BILLY RAY SHAPLEY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 8985

March 30, 1977                                    561 P.2d 1339

[Rehearing denied April 25, 1977]

*Horace R. Goff,* State Public Defender, and *J. Thomas Susich,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, Elko County, for Respondent.

## OPINION

*Per Curiam:*

After being injured on the job and unable to work defendant Billy Ray Shapley was terminated by his employer, Delta Drilling Company, at which time he received a draft from the job foreman for wages owing to him. Following his departure from the drilling site in Utah near Montello, Nevada, it was discovered that the draft book which had been used to pay the defendant was missing. This book contained sequential drafts, five of which subsequently appeared with forged signatures in Wells, Nevada.

Defendant was found guilty by a jury of five counts of forgery by uttering a forged instrument in violation of NRS 205.-090. A hearing to determine habitual criminal status followed and Shapley was found to be an habitual criminal. He was sentenced to the maximum ten years imprisonment for each count but with no specific allusion to or sentence imposition based on the habitual criminal status. The sentences are to run consecutively.

1. Shapley first claims on appeal that the district judge erred in allowing the filing of an amended information after the initial information was dismissed as insufficient to state a crime. The contention is that the second information, being the first legally adequate information, its filing beyond the statutorily prescribed 15-day period following the preliminary hearing should not have been permitted.[1]

---

[1]NRS 173.035(3): The information shall be filed within 15 days after the holding or waiver of the preliminary examination. All informations shall set forth the crime committed according to the facts.

The original information was not in fact insufficient. The trial court apparently was of the opinion that the information should have been drawn in closer conformity to the exact language of the charging statute but as we read the first information all requirements of apprising the accused were met; in short, he was charged with committing an offense "clearly and distinctly in ordinary and concise language . . . in such a manner as to enable a person of common understanding to know what is intended." State v. McKiernan, 17 Nev. 224, at 227, 30 P. 831, at 832 (1882); Watkins v. Sheriff, 87 Nev. 233, 484 P.2d 1086 (1971); Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970); Langley v. State, 84 Nev. 295, 439 P.2d 986 (1968).

Therefore, the first information having passed muster, the claim of late filing of the amended version dissolves. Garnick v. District Court, 81 Nev. 531, 407 P.2d 163 (1965).

2. Shapley protests that he should not have been sentenced as an habitual criminal. In fact he was not. Although the trial court proceeded to adjudge him an habitual criminal, it made no reference to this status in imposing the statutory ten-year maximum for each of the five counts. This punishment, not having been enhanced because of the habitual criminal status, the issues advanced regarding that adjudication are not reviewable.

3. Despite appellant's contentions, we find no error in the trial court's admission of certain evidence such as copies instead of originals of certain checks and the in-court identification of the defendant by a witness. We have reviewed appellant's other claims and also can find no error.

Affirmed.