THE STATE OF NEVADA, APPELLANT, *v.* THOMAS P. JERNIGAN, RESPONDENT.

No. 4072

September 22, 1959                    343 P.2d 1015

390

*Harvey Dickerson,* Attorney General, of Carson City, and *Wayne O. Jeppson,* District Attorney, Lyon County, for Appellant.

*Richard L. Waters, Jr.,* of Carson City, for Respondent.

OPINION

*Per Curiam:*

This is an appeal by the state from an order granting defendant's motion to quash the information and discharging him from custody.

On May 18, 1957 a complaint was filed in the Justice's Court, Smith Valley Township, Lyon County, charging defendant with first degree burglary. Two days later, defendant signed a written waiver of preliminary examination. The justice of the peace thereupon signed an order of commitment which held him to answer to said charge, and fixed bail. On May 23, 1957 the district attorney filed in the district court an information charging defendant with first degree burglary and with the information he filed the original complaint, warrant of arrest, waiver of preliminary examination, order of commitment, and original commitment. Defendant was arraigned in the district court and entered a plea of not guilty to the charge contained in the information. On

September 4, 1957, the date set for trial, both parties announced they were ready for trial. After the jury was selected, defendant moved to quash the information on the ground that it did not comply with NRS 173.080 (3) in that it was not verified. The motion was granted and defendant was discharged from custody.

NRS 173.080 (3) reads as follows:

"In all cases in which the defendant has not had or waived a preliminary examination there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed."

The trial court construed this to mean that in all cases in which the defendant has not had a preliminary examination or has waived a preliminary examination an affidavit must be filed. This was error. If it were the intention of the legislature that an affidavit must be filed whenever the defendant has not had a preliminary examination, such intention would have been expressed without any reference to waiver.

We hold that subsection 3 of said statute when it requires an affidavit to be filed "in all cases in which the defendant has not had or waived a preliminary examination," means in all cases in which the defendant has not (1) had or (2) waived a preliminary hearing, the word "not" applying to both "had" and "waived." Or stated affirmatively said subsection means that an affidavit need not be filed whenever a defendant has had a preliminary hearing or whenever he has waived his right to one.

Reversed.