# EDWARD DALBY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 4846

October 27, 1965                    406 P.2d 916

*Dorsey & Harrington,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, *Earl Gripentrog* and *Lois N. Bargmann,* Deputy District Attorneys, Clark County, for Respondent.

## O P I N I O N

By the Court, ZENOFF, D. J.:

This is an appeal from a conviction of robbery of a Las Vegas bar. Three assignments of error are presented and the facts relevant to the particular errors assigned will be presented during the discussion of the respective contentions.

The questions presented are as follows:

1. May a witness not named in the information be permitted to testify at the trial?

2. When the defendant has waived preliminary hearing, is an information defective under NRS 173.080(3) for the failure to file with the information an original affidavit of some credible person verifying the information upon the personal knowledge of the affiant that the offense was committed?

3. Where testimony is received concerning an exhibit which is later stricken, is the testimony concerning the exhibit incompetent because the exhibit has fallen?

1. NRS 173.080(2) provides: "He [the district attorney] shall endorse thereon [the information] the names of such witnesses as are known to him at the time of filing the same, and shall also endorse upon such information the names of such other witnesses as may become known to him before the trial at such time as the court may, by rule or otherwise, prescribe; but this shall not preclude the calling of witnesses whose names, or the materiality of whose testimony, are first learned by the district attorney upon the trial."

The witness who was called during the course of the trial and without prior notice to the defendant was police cadet Gary Lang. The testimony from the witness was supposed to provide foundation for the admission of a fingerprint card. Defense counsel insisted that the person, in this instance Lang, who took the fingerprint card be called to testify. There is no indication as to when the district attorney first learned the name of the prospective witness and the materiality of his prospective testimony.

The rule in Nevada is clear: "Under a statute such as ours the endorsement of names of witnesses upon an information is largely a matter of discretion with the court; and, in the absence of a showing of abuse, without some substantial injury as resulted to the accused, an order permitting such endorsement, even after the trial has commenced, does not constitute of itself reversible error." State v. Monahan, 50 Nev. 27, 249 P. 566 (1926).

In this instance the court recessed the trial in the latter part of the afternoon and resumed trial the following morning. The name and address of the witness were furnished to defendant's counsel. An opportunity thus was afforded him to interview the witness during the recess. Finally, in the absence of evidence in the record to the contrary, there is a presumption that a witness called to testify whose name is not endorsed on the information is one who was not before known to the district attorney. State v. Ceja, 53 Nev. 272, 298 P. 658 (1931).

2. Appellant further contends that the trial court did not have jurisdiction to try this case since there was not filed with the information the original affidavit of some credible person verifying the information upon the personal knowledge of the affiant that the offense was committed.

If this is a defect in an information, it is not one which is jurisdictional. NRS 173.080(3) requires this affidavit to be filed when the defendant has not had or waived a preliminary examination. State v. Jernigan, 75 Nev. 389, 343 P.2d 1015 (1959), clarified this statute holding that when a preliminary examination has been waived no affidavit need be filed. NRS 173.080 must be read in connection with NRS 173.140(2) which provides the situation where the affidavit is called for. Since preliminary examination was waived in the instant case, and, since the situation called for by NRS 173.140(2) is not present, no affidavit is necessary, and there is no error.

3. During Cadet Lang's testimony, the prosecution offered into evidence a fingerprint card from the police files. Defendant objected, but the court allowed the card to go into evidence. Subsequent testimony by another officer failed to connect the exhibit with the defendant and on motion made by the defendant after the state rested its case, the court granted the motion to strike the exhibit. However, the court refused to strike the testimony that was given by the various witnesses relating to the fingerprint card when it was being admitted into evidence. Thus we have in the record voluminous testimony concerning a fingerprint card when the card itself is not in evidence.

Refusal to strike the testimony concerning the fingerprint card which was not received in evidence was error. People v. Smith, 254 Ill. 167, 98 N.E. 281 (1912) ; People v. Powell, 87 Cal. 348, 25 P. 481 (1891).

We must therefore be concerned as to whether or not the error in refusing to strike the testimony constituted prejudicial error and would require a reversal.

We hold that the error was not prejudicial. Taking away the fingerprint testimony, there was ample other identity evidence to justify the conviction. There were three eye witnesses to the crime, the bartender and two customers, all of whom testified that the defendant was the robber.

NRS 169.110 provides that no case shall be reversed unless the error complained of has resulted in a miscarriage of justice or has actually prejudiced the defendant. State v. Ramage, 51 Nev. 82, 269 P. 489 (1928). Judgment will not be set aside where, upon examination of the entire case, the verdict is manifestly right, or no other verdict could have been properly returned. State v. Behiter, 55 Nev. 236, 29 P.2d 1000 (1934). See State v. Skaug, 63 Nev. 59, 161 P.2d 708 (1945); State v. Fitch, 65 Nev. 668, 200 P.2d 991 (1948).

The lower court is directed to give appellant's attorney the certificate specified in Subsection 3 of NRS 7.260 to enable him to recover compensation as provided in Subsection 4 of said statute.

Affirmed.

THOMPSON and BADT, JJ., concur.