CHARLES LEE WILSON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6656

July 11, 1972                    498 P.2d 1342

*Robert G. Legakes,* Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy for Appeals, Clark County, for Respondent.

414

## OPINION

By the Court, GUNDERSON, J.:

Convicted of robbery in violation of NRS 200.380, appellant contends the trial court erred:

(1) "in admitting into evidence a pistol which was found in the car in which Appellant was riding when he was arrested";

(2) "in permitting Luther J. Wills [an investigator for the District Attorney] to testify at the trial since his name was not listed in the Information."

In the factual context of this case, neither contention has merit.

1.  The first claim of error relates to the fact that during redirect examination of the officer who arrested appellant three nights after the robbery for which he was convicted, the prosecutor offered into evidence a chrome-plated gun found in a car occupied by appellant and three companions. In essence, appellant argues there was no evidence connecting this gun with appellant; no evidence it was like the weapon used in the robbery, except that the victim testified the robber's weapon also had a shiny barrel; no evidence, indeed, that appellant even knew the gun was in the car; and therefore no foundation for its admission against appellant as circumstantial evidence of another crime. This argument would require the most serious attention, if the State had proved the gun's existence and offered it during direct examination of the arresting officer. State v. Thompson, 364 P.2d 783 (Ore. 1961); People v. Smith, 108 N.E.2d 596 (Ill. 1952); People v. McCall, 52 P.2d 500 (Cal.App. 1935); People v. Yee Fook Din, 39 P. 530 (Cal. 1895).

However, the record shows that on direct examination,

neither the prosecutor nor the witness mentioned the gun. It was on cross-examination, by appellant's counsel, that testimony was first elicited that the witness originally arrested appellant because he believed appellant guilty of a different robbery, and then found a gun with a "shiny" barrel. With these facts proved by appellant, if subsequent admission of the gun in specie was error, which we do not decide, that error was certainly harmless because it did not substantially add to facts already properly before the jury. State v. Tranmer, 39 Nev. 142, 154 P. 80 (1915); see also Wyatt v. State, 77 Nev. 490, 499, 367 P.2d 104, 109 (1961).

2.  Appellant also assigns error because during the State's case in chief the prosecutor called his own investigator to testify, seeking to elicit testimony about conversations with another "witness" who was not called to testify. On appeal, the State has had the candor and perception to admit that the investigator, who had no personal knowledge of any relevant evidence, was not a competent witness.

However, the record shows that when the prosecutor called investigator Wills to the stand, appellant's counsel did not object that the investigator's testimony would be incompetent as hearsay, or deny appellant's right to confrontation. An objection then made, that forms the predicate for appellant's claim of error, was that the investigator's name was not endorsed on the Information in accord with NRS 173.045(2).[1] Apparently, because appellant's counsel did not initially mention hearsay and related problems, the trial court thought the investigator could give competent evidence, and believed the State was excused from listing him because it had not "reasonably expect[ed] to call him." Id.; cf. Dalby v. State, 81 Nev. 517, 406 P.2d 916 (1965).

As soon as it appeared the prosecutor intended to adduce incompetent evidence, the court properly intervened *sua sponte,* cf. Garner v. State, 78 Nev. 366, 374 P.2d 525

---

[1]"2.  He [the District Attorney] shall endorse thereon [on the information] the names of such witnesses as are known to him at the time of filing the same, and shall also endorse upon such information the names of such other witnesses as may become known to him before the trial at such time as the court may, by rule or otherwise, prescribe; but this shall not preclude the calling of witnesses whose names, or the materiality of whose testimony, are first learned by the district attorney upon the trial. He shall include with each name the address of the witness if known to him. He shall not endorse the name of any witness whom he does not reasonably expect to call."

(1962), and sustained a hearsay objection appellant's counsel then made.[2] Appellant's counsel made no motion for a mistrial.

Finding the assigned claims of error without merit, we affirm appellant's conviction and sentence.[3]

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[2]After establishing the investigator had gone to see one Oscar Feinhold, examination proceeded:

"Q.   Did you ask him if he was present on that night?

"Defense Counsel:   Object on the grounds [of] no foundation. What night?

"Court:   Sustained.

"Q.   All right. Why did you contact Mr. Feinhold?

"A.   To see—

"Defense Counsel:   Objection, Your Honor, on the grounds there's no materiality.

"Court:   The objection is overruled.

"A.   To see if he would testify in this case for the State to the effect that—.

"Court:   Just a minute. That's enough.

"Q.   And in asking him if he would testify, what did he say?

"Defense Counsel:   Your Honor, I object. It's hearsay.

"Court:   Objection sustained.

"Prosecutor:   Your Honor, this would not be for the truth of the matter herein stated, just for the reason defense counsel has consistently brought the point—

"Court:   It's hearsay. Sustained.

"Q.   All right. In your—Mr. Wills, what is your background in law enforcement?

"Defense Counsel:   I object. He can testify to anything he wants him to testify to, but I object to his background. I think it's wasting the court's time. I haven't disqualified him as an expert, I've only disqualified him as to what he's testifying here to today.

"Court:   Objection sustained.

"Q.   All right. Mr. Wills, did you feel that the capacity in law enforcement, that this witness was a necessary witness?

"Defense Counsel:   I'll object, Your Honor, on the grounds it's asking for a conclusion.

"Court:   Yes, and it's a highly improper question. Objection sustained. The Court admonishes the jury to draw no inferences from the question."

The court precluded further questioning, stating "the only place you'll find out if a witness is called is right here."

[3]Neither the Public Defender nor his staff represented appellant at trial of this matter in the court below.