# IN THE SUPREME COURT OF THE STATE OF NEVADA

CALVIN THOMAS ELAM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74581

FILED

APR 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit kidnapping, first-degree kidnapping with use of a deadly weapon, assault with a deadly weapon, and battery with intent to commit sexual assault. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant Calvin Elam was convicted of multiple felony offenses based on evidence that he restrained and battered an acquaintance in his home by binding her arms and legs and physically harming her with a shotgun, stun gun, leather belt, and/or broomstick. Elam raises four contentions on appeal.

Elam first argues that the district court erred by failing to excuse a prospective juror for cause. Either party may challenge a juror for cause if it is believed that the juror cannot adjudicate the facts fairly, NRS 175.036(1), but a decision to remove a prospective juror for cause remains within the district court's broad discretion, *Leonard v. State*, 117 Nev. 53, 67, 17 P.3d 397, 406 (2001). A prospective juror should be removed for cause if his views "would prevent or substantially impair the performance of his

19-16059

duties as a juror in accordance with his instructions and his oath." *Id.* at 65, 17 P.3d at 405 (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)) (further internal quotation marks omitted). We conclude that the district court did not abuse its discretion in refusing to remove the juror for cause. Although the juror expressed his expectation that police officers have a higher standard of integrity than that of the average person and that he would therefore believe an officer's testimony over a non-police witness, he qualified that statement by saying that was true *unless* he was given a reason to disbelieve the officer, thereby demonstrating his ability to perform the duties of a juror. Additionally, Elam failed to argue that the impaneled jury was biased or partial and thus has failed to prove any prejudice resulting from the district court's decision. *See Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (holding that a claim of prejudice based on a wasted peremptory challenge must focus on whether the impaneled jury was impartial and that, if the impaneled jury is impartial, the defendant has not been prejudiced).

Second, Elam argues that the district court erred in allowing prejudicial prior bad act testimony from the victim that Elam took a shotgun to his neighbor's house and kicked in the door.[1] Elam failed to raise this argument below. We therefore review for plain error and will not

---

[1]To the extent Elam asserts that the district court abused its discretion in admitting this testimony because it was hearsay, we conclude that that argument does not warrant reversal as the district court sustained Elam's hearsay-based objection during trial. *See Wilson v. State*, 88 Nev. 413, 415-16, 498 P.2d 1342, 1344 (1972) (finding no error where a district court properly sustained a hearsay objection "[a]s soon as it appeared" that the proffered testimony was inadmissible).

reverse "unless [Elam] demonstrates that the error affected his . . . substantial rights, by causing actual prejudice or a miscarriage of justice." *Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (internal quotation marks omitted). We conclude that there was no plain error given the overwhelming evidence that supported the jury's verdict, which included eyewitness and independent witness testimony, DNA evidence, physical injuries on the victim, and recovery of the items used to bind and gag the victim. *See Green v. State*, 119 Nev. 542, 548 & n.17, 80 P.3d 93, 97 & n.17 (2003) (concluding that the overwhelming evidence of the defendant's guilt demonstrated that the complained-of error did not affect the defendant's substantial rights and recognizing that this conclusion negated the court's need to address whether the error was plain).

Elam's third contention is that the district court violated his Fifth Amendment right against self-incrimination when it denied his motion to suppress his statement made to law enforcement. He argues that the *Miranda* warning he received did not adequately inform him that he had the right to speak to a lawyer before questioning and to end questioning at any time until he spoke with a lawyer. Similar arguments were addressed in a recent opinion involving a nearly identical *Miranda* warning. In that case, we concluded that the inclusion of the statements that the defendant had the right to an attorney during questioning and that one would be appointed before questioning if the defendant could not afford one "provided a constitutionally adequate warning." *Stewart v. State*, 133 Nev. 142, 146, 393 P.3d 685, 688 (2017). Elam's arguments therefore fail and the

district court did not err in denying Elam's motion to suppress.[2]
Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:     Hon. Valerie Adair, District Judge
        Oronoz & Ericsson, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

_____

[2]Elam also argues cumulative error, which fails as we discern no errors to cumulate.