THE STATE OF NEVADA, RESPONDENT, v. AH TOM et als., APPELLANTS.

CRIMINAL LAW—DECLARATION OF CO-DEFENDANT AFTER OFFENSE NOT EVIDENCE AGAINST OTHERS. On a trial of Ah Tom and others for grand larceny, where the State was permitted, under objection, to prove the declarations of Ah Tom, made several days after the larceny and not in the presence of his co-defendants, to the effect that he was innocent but he knew them to be guilty: Held, clearly error as against such co-defendants.

State *v.* Ah Tom.

DECLARATIONS OF DEFENDANT EXCULPATING HIMSELF AND INCULPATING CO-DEFENDANTS. A mere gratuitous assertion by one of several defendants charged with crime, exculpating himself and inculpating his co-defendants, should never be received as evidence against any one but himself.

REVERSAL OF CONVICTION FOR WANT OF COMPETENT EVIDENCE. If there is no competent evidence to sustain a verdict of conviction, the judgment, on the point being properly presented, will be reversed.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The defendants, Ah Tom, Ah Ping, Ah Mok and Ah Loy, were indicted at the January term, 1872, of the court below of the crime of grand larceny, for stealing at Reno, Washoe County, on October 26, 1871, $517 50 in coin, a watch, chain, pistol, and other articles, together with a trunk, the property of one Ah Fung. It appears that on the day before the loss of his property, Ah Fung arrived at Reno with his trunk and meeting Ah Tom, with whom he had been acquainted for several years, stated that he intended in a day or two to go to San Francisco, and requested to be allowed to leave his trunk in Ah Tom's cabin, at the same time desiring to know if it would be safe; that Ah Tom replied it would, as no one else lived there but his relations Ah Mok and Ah Ping; that he and Ah Tom then carried the trunk to the cabin, where Ah Fung opened it and showed Ah Tom that it contained the money and other articles mentioned in the indictment; that the next day Ah Fung went again to the cabin and found Ah Mok, Ah Ping and Ah Loy there; that he opened his trunk in their presence and took out $20, to pay his fare to San Francisco, and they saw his money and other property in the trunk; that a little more than an hour afterwards he met Ah Tom and the two went in company to get the trunk, but it was gone; that at Ah Tom's suggestion officers were employed and a reward of $100 offered by Ah Fung for the recovery of the property, but it could not be found.

The prosecuting witness, after stating the above facts, testified that a few weeks afterwards Ah Tom went to San Francisco; that he followed him and demanded he should

pay the money; that Ah Tom refused to do so; that he then complained to the head Chinese merchants at San Francisco about the matter, and they had a meeting, at which he and Ah Tom were present. The witness then offered to repeat a statement made by Ah Tom at that meeting as to the property having been taken by the defendants, Ah Ping, Ah Mok and Ah Loy. Defendants objected on the grounds that such declarations were not made in the presence of the other defendants; that no complicity was shown between defendants, and that such declarations were not competent testimony against them. The court overruled the objections and defendants excepted. Witness then testified that Ah Tom first said he knew nothing about the taking of the property; afterwards he said he had nothing to do with it, but Ah Mok, Ah Ping and Ah Loy took it; that he would go back to Reno and get them to pay $400 to settle the matter, and that he would do so because it was taken from his house.

Counsel for defendants then moved to strike out the testimony of Ah Tom's declarations at San Francisco in so far as it affected Ah Mok, Ah Ping and Ah Loy, which motion was refused, and they excepted. The witness proceeded to testify that he returned to Reno, saw Ah Ping and Ah Loy, told them what Ah Tom had said; that they told him all the money was gambled off, but they would give him $100 to settle the matter, and that each one said he had not stolen the money, but it was somebody else. Some two months afterwards different articles of the stolen property were found, some in Ah Ping's room, some in Ah Loy's.

Another witness, Ah Toc, testified that "on the 26th of October, 1871, at 5 o'clock and 15 minutes," he saw Ah Ping, Ah Mok and Ah Loy near Ah Tom's cabin. Ah Ping and Ah Loy were carrying a trunk, and Ah Mok was shutting the door.

There was considerable other testimony, that for defendants almost directly contradicting that on the part of the State; but there was substantially nothing more to implicate Ah Tom than is indicated above.

The defendants having been convicted, and their motion
for a new trial overruled, were sentenced to imprisonment
in the State prison, Ah Tom, Ah Ping and Ah Loy for five
years and Ah Mok for one year.    They all appealed from the
judgment and order.

*Robert M. Clarke,* for Appellants.

The defendants were jointly indicted and jointly tried for
the crime of grand larceny.    There was no evidence legal or
otherwise connecting Ah Tom with the offense.    As to the
other defendants there was no evidence, except the statement
of Ah Tom and the constructive possession of part of the
goods, criminating them.    But the statement of Ah Tom in-
culpating the other defendants and exculpating himself was
clearly incompetent.    And the constructive possession of
part only of the property by some only of the defendants was
clearly insufficient to justify conviction.

There was error in admitting the statements of Ah Tom
as evidence against Ah Mok, Ah Ping and Ah Loy; also in
admitting evidence showing that two months after the lar-
ceny, a portion of the stolen property was found in a house
occupied in part by some of the defendants.    Even recent
actual and exclusive possession of stolen property is not
alone sufficient to support a conviction for larceny.
20 Cal. 177 ; 23 Cal. 51 ; Wharton, Sec. 728.    Nor was
evidence showing the property found in a house, occupied by
some of the accused in common with others not accused,
either sufficient or competent.    Wharton, Sec. 728; Roscoe
Ev. 18; 3 Greenleaf Ev. Sec. 33.    There was therefore no
legal evidence to support the verdict.

*L. A. Buckner,* Attorney General, for Respondent.

By the Court, HAWLEY, J. :

This appeal is taken from an order of the district court
refusing a new trial and from the judgment.    The defend-
ants were jointly indicted and tried for the crime of grand
larceny.

During the trial of the cause the State was allowed to introduce in evidence certain declarations made by the defendant, Ah Tom, to Chinese merchants in San Francisco several days after the larceny was committed, to the effect that he was entirely innocent of the offense but knew that his co-defendants were guilty. Neither of the other defendants were present when this statement was made. The admission of this testimony against the objections of defendants, Ah Mok, Ah Ping and Ah Loy, was clearly erroneous.

If there had been complicity between all of the defendants in the commission of the offense, the declarations made by either after the commission of the offense could not be used as evidence against the other defendants. A mere gratuitous assertion made by a defendant charged with crime, exculpating himself and inculpating his co-defendants, should never be received as evidence against any one but himself. 1 Phill. Ev. 97; 1 Greenleaf Ev. Sec. 111; *Commonwealth* v. *Hunter*, 7 Gratt. 644; *U. S.* v. *White*, 5 Cranch C. C. R. 42; *State* v. *Hanney*, 2 Dev. and Bat. 390.

The admission of this testimony was calculated to mislead the jury to the prejudice of the defendants, Ah Mok, Ah Ping and Ah Loy, and was such an error of law as necessitates a reversal of this case as to them.

Is the testimony contained in the bill of exceptions sufficient in law to sustain a conviction against the defendant Ah Tom? Entertaining the opinion that appellate courts should never disturb the verdict of a jury upon this ground when there is any legal evidence tending to prove defendant's guilt, we have carefully examined the record in this case and have arrived at the conclusion that there is no competent evidence to sustain the finding of the jury against the defendant Ah Tom.

The judgment and order appealed from are reversed and the cause remanded for a new trial.