BRIAN PATRICK HERN, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12319

October 27, 1981                                    635 P.2d 278

*Gerald W. Hardcastle,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland* and *Ronald C. Bloxham,* Deputy District Attorneys, Clark County, for Respondent.

---

[1]The Governor designated The Honorable Michael R. Griffin, Judge of the First Judicial District Court, to sit in place of THE HONORABLE GORDON THOMPSON, Justice, Retired. Nev. Const. art. 6, § 4.

## OPINION

By the Court, MANOUKIAN, J.:

Appellant Hern was convicted by jury of first degree murder. From the judgment and sentence fixing his punishment at life imprisonment without the possibility of parole, he appeals. The sole issue requiring our consideration is whether the homicide committed by appellant constituted first or second degree murder. On review of the record, we affirm.

On February 17, 1979, Hern beat to death Curtis Wayne Fausett, three years of age, the son of Kimla Huddleston. Hern had lived with Huddleston since January of 1978. During the evening of February 17, Huddleston left for her employment, leaving Hern in charge of Curtis.

Although the record shows generally that Hern's relationship with Curtis was equivalent to a father-son relationship, it also reveals that Hern had physically beaten the child on a number of prior occasions to such an extent as to constitute child abuse. Indeed, he had agreed with Huddleston to refrain from any physical discipline of the child. On the date in question, however, and during the mother's absence, when Curtis spilled some milk, Hern began to "spank" the child. The "spanking" transcended the limits of reasonable discipline and developed into a severe beating which is the undisputed cause

of the child's death. The medical cause of death was internal hemorrhaging.

Appellant contends that there was no evidence introduced at trial to establish that Curtis' death was a result of a willfull, deliberate, and premeditated act on his part, as required by NRS 200.030(1)(a). Specifically, he claims that if he is guilty of murder at all, it must be murder in the second degree. Authority for this court to modify the judgment appealed from is found in NRS 177.265.

The determination of the degree of crime is almost invariably left to the discretion of the jury. On appeal, we are confined to reviewing the evidence most favorably in support of its determination. Azbill v. State, 88 Nev. 240, 252, 495 P.2d 1064, 1072 (1972); State v. Ah Tom, 8 Nev. 213, 217 (1873). Although Hern argues and we acknowledge that the jury's discretion is not absolute, *Azbill, supra,* at 252; *Ah Tom, supra,* at 217; People v. Tubby, 207 P.2d 51, 54, (Cal. 1949), the jury must be given the right to make logical inferences which flow from the evidence. *See* Dearman v. State, 93 Nev. 364, 367, 566 P.2d 407, 409 (1977). The applicable standard of review is well established. The issue is not whether this court would have found beyond a reasonable doubt that appellant was guilty of first degree murder, but whether the jury, acting reasonably, could have been convinced to that certitude by the evidence it had a right to consider. *See* Wilkins v. State, 96 Nev. 367, 609 P.2d 309 (1980); *see also* Jackson v. Virginia, 443 U.S. 307 (1979). "Where there is substantial evidence in the record to support the verdict of the jury, it will not be overturned by an appellate court." Tellis v. State, 85 Nev. 679, 679–80, 462 P.2d 526, 527 (1969). We turn now to determine whether respondent met its burden in proving first degree murder or whether a verdict for a lesser included degree was required.

Murder, and this includes murder of the first degree as well as murder in the second degree, is defined as the "unlawful killing of a human being with malice aforethought." NRS 200.010. The critical question confronting us is whether, upon a review of the evidence most favorably in support of the judgment, *Azbill, supra,* at 252, 495 P.2d at 1072, a reasonable interpretation indicates a sufficiency of evidence to establish that the homicide was murder of the first degree, as distinguished from murder in the second degree. To make this determination, we must clearly distinguish the two degrees of murder.

Although leaving much to the discretion of the jury, the legislature, in defining degrees of murder, requires the exercise of that discretion to be sufficiently supported by the facts. NRS 200.030(2)(a) and (b) provide that:

> 2. Murder of the first degree is murder which is:
>
> (a) Perpetrated by means of poison, or lying in wait, torture, or by any other kind of *willful, deliberate and premeditated killing;*
>
> (b) Committed in the perpetration or attempted perpetration of rape, kidnaping, arson, robbery, burglary or sexual molestation of a child under the age of 14 years. . . . (Emphasis added.)

NRS 200.030(2) defines murder of the second degree as comprehending "all other kinds of murder."

The homicide under consideration was clearly not perpetrated by any of the specifically characterized means, such as poisoning, nor was it committed in the perpetration of any of the enumerated felonies. Therefore, to constitute first degree murder, it must fall within the category of "any other kind of willful, deliberate, and premeditated killing."

Malice is not synonymous with either deliberation or premeditation. To view it otherwise would obliterate the distinction between the two degrees of murder. Malice aforethought is an element of the crime of murder, but malice aforethought *and* premeditated homicide is murder in the first degree; intentional homicide *without* premeditation is, in the absence of legally cognizable provocation or mitigating circumstances, murder in the second degree.

It is clear from the statute that all three elements, willfulness, deliberation, and premeditation, must be proven beyond a reasonable doubt before an accused can be convicted of first degree murder. *Compare,* State v. Wong Fun, 22 Nev. 336, 40 P. 95 (1895).

Hern testified that he remembered grabbing the child and starting to spank him and that his next memory was standing over the child's body. In addition to this testimony, a defense psychiatrist testified that being a child abuse victim himself, appellant may not have had the intent to kill the child or the ability to premeditate. Other testimony was introduced showing that Hern evidenced affection for the victim. From this, the

appellant concludes that insufficient evidence was presented to convict him of first degree murder. We remain unpersuaded.

Prosecution testimony was presented that appellant lied to paramedics at the scene concerning the circumstances surrounding the death. Other evidence involved an admission by appellant that he beat and kicked the victim prior to the child's death. Immediately upon being informed of the child's death, and in the presence of the appellant, the mother yelled at Hern, "Now you finally did it, you killed him." The autopsy, analyzed by Dr. Giles Sheldon Green, a Clark County medical examiner, showed that Curtis died of internal hemorrhage resulting from injury to the liver. External examination of the child's body further disclosed approximately thirty bruises, including to the head, chest, penis, abdomen, back, buttock, thighs and lower legs, anus and arms. Based on the abrasions and bruises he observed on the child's body, Dr. Green concluded that Curtis was a victim of child abuse.

From the appellant's instant and previous abuse of Curtis, leading inexorably to his death, the jury could find that premeditation, or fixed purpose to kill, requisite for first degree murder, was formed prior to his death. Therefore, it was permissible for the jury to find that Hern formed an intent to kill through the extreme physical abuse, and that appellant caused the death with premeditation. The nature and extent of the injuries, coupled with repeated blows, constitutes substantial evidence of willfulness, premeditation and deliberation. *See* Turpen v. State, 94 Nev. 576, 578, 583 P.2d 1083, 1084, *cert. denied,* 439 U.S. 968 (1979).

Premeditation is generally established by circumstantial evidence. Direct evidence is not required. *See* Dearman v. State, 93 Nev. 364, 367, 566 P.2d 407, 409. Malice aforethought, and premeditation may be deduced from the circumstances of the killing, such as the use of certain means calculated to produce death. Moser v. State, 91 Nev. 809, 812, 544 P.2d 424, 426 (1976). The jury must be given the prerogative to make logical inferences derived from the evidence. We should not, and will not, interfere with a jury determination which is supported by substantial evidence. *See* Curtis v. State, 93 Nev. 504, 507, 568 P.2d 583, 584–85 (1977). Any other result would leave prosecutors, defenders and judges without guidance in such cases. If the result were to the contrary, then absent direct evidence of premeditation, a first degree murder conviction would be most

difficult, if not impossible, to obtain if the victim is a child who has not been killed with a gun or other dangerous weapon—but severely beaten, as in the instant case.

We find the remaining issues to be without merit.

The conviction for first degree murder is affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and SPRINGER, JJ., concur.