Recanzone, D. J.,
dissenting:
The majority opinion reversing the conviction against Childs is predicated on the court’s prior ruling in Childs v. State, 107 Nev. 584, 816 P.2d 1079 (1991) (hereinafter Childs I). The dissent filed by Justice Springer, who dissented in Childs I, refuses to consider overruling Childs I, which he categorized as “a case which is only two years old.” The record reflects that the appellant was arrested in January, 1990; convicted on July 9, 1990; and the appeal was filed immediately thereafter. The decision in Childs I was not filed until September 6, 1991, a year later. The appeal in Childs I had not been resolved when appellant committed the acts which resulted in this appeal being filed.

FACTS

On January 7, 1990, appellant was observed “handle popping” a slot machine at Bill’s Casino. A slot supervisor testified at trial that he observed appellant pull down on the handle and then jerk on it in such a way that one of the three reels would stop spinning prematurely. On January 8, 1990, appellant was observed “handle popping” at the High Sierra. A surveillance agent testified that he watched appellant pulling the handle down to a certain level and then jerking it down suddenly, at which time the first reel did not move. Appellant was detained at the High Sierra and placed under arrest. The district court found appellant guilty of both charges and sentenced appellant to serve concur *1059 rent terms of five and ten years in the Nevada State Prison. On appeal, appellant raises two contentions: (1) that NRS 465.070(7) is unconstitutionally vague as applied to the facts of appellant’s case, and (2) that there was insufficient evidence to support the judgment of conviction.

CONSTITUTIONALITY OF NRS 465.070(7)

Appellant contends that his convictions must be reversed in light of this court’s decision in Childs I. In Childs I[1], the court held that NRS 465.070(7)[2] was unconstitutionally vague as applied to the facts of Childs’ case. The court also set forth the standard to be applied to NRS 465.070(7):
As previously noted in Harriss [United States v. Harriss, 347 U.S. 612 (1954)], persons are deemed to have been given fair notice of a criminal offense if the statutorily proscribed conduct has been described with sufficient clarity to be understood by individuals of ordinary intelligence. 347 U.S. at 617. See also United States v. Hogue, 752 F.2d 1503, 1504 (9th Cir. 1985). And statutes challenged for vagueness are evaluated on an as-applied basis where, as here, first amendment interests are not implicated. Maynard v. Cartwright, 108 S. Ct. 1853, 1858 (1988).
Childs, 107 at 585, 816 P.2d at 1079-1080. The court then concluded that the absence from NRS 465.070(7) of a definition of a “normal” pull rendered it unconstitutionally vague. Without such a definition, Childs was “left ... to guess at the lawful method of pulling a slot machine handle.” Id. at 587, 816 P.2d at 1081. Moreover, the court concluded, the vagueness of NRS 465.070(7) made potential felons of all “innocent, well-intentioned patrons” who “may so easily adopt various methods of handle manipulation in an attempt to change their fortune.” Id. at 588, 816 P.2d at 1081 (quoting Lyons v. State, 105 Nev. 317, 323, 775 P.2d 219, 112 (1989)).
The general American doctrine as applied to courts of last *1060 resort is that a court is not inexorably bound by its own precedents but will follow the rule of law which it has established in earlier cases, unless clearly convinced that the rule was originally erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from precedent. See Samsel v. Wheeler Transport Services, 789 P.2d 541 (Kan. 1990); Helvering v. Hallock, 309 U.S. 106 (1940). It must be further noted that the doctrine of stare decisis is not applicable to statutory construction when it is decided that earlier interpretations are wanting, faulty, or even wrong. See Jepson v. Department of Labor & Industries, 573 P.2d 10 (Wash. 1977). Upon careful consideration, I believe that Childs I was erroneously decided. I would hold that NRS 465.070(7) is not unconstitutionally vague as applied to the facts of appellant’s case, and that the decision in Childs / should be overruled.
The doctrine of stare decisis, so vehemently supported by Justice Springer in his dissent, should not be applied. “. . . The doctrine is not ordinarily departed from where decision is of long-standing and rights have been acquired under it, unless considerations of public policy demand it. ...” Black’s Law Dictionary, Sixth Edition. Childs I, at the time of appellant’s arrest in this case, was not long-standing, rights had not been acquired under it, and considerations of public policy demand the reversal of Childs I.
Our State of Nevada relies heavily on its gaming industry to maintain its economic well-being. The industry, through years of experience and tight regulation, has attained a high degree of professionalism. In view of that, it is repugnant for this court to make the assumption that each time a customer pulled the handle of a slot machine with some irregularity that management would be there charging him with manipulating the machine with “the intent to cheat.” The individuals who would be apprehended are the Childs of this world who make their living “intentionally” cheating the gaming industry.
The court’s principle concern in Childs 1 was that NRS 465.070(7) posed a trap for the unwary. A careful reading of NRS 465.070(7) convinces me that the court’s fears are unfounded. While the statute does not define a “normal” pull of a slot machine handle, it does precisely set forth the elements of an illegal manipulation with the intent to cheat, in such a way that is “contrary to the [machine’s] designed and normal operational purpose.” NRS 465.070(7). Thus, patrons may pull as they choose, so long as they do not do so with both an intent to cheat[3] *1061 and knowledge that their chosen method affects the outcome of the game. Id.
In this case, appellant’s technique is to “freeze” the first reel on the slot machine by means of a sudden force on the slot machine handle. By holding a cherry on the first reel in this manner, appellant is able to assure a winning combination on each slot machine play. Indeed, appellant may not know what constitutes a “normal pull” of a slot machine handle, but he clearly knows that his method of choice, which alters the machine’s operation by freezing one of the reels, is not customary. Moreover, when appellant “interferes with the machine’s ‘operational purpose’ by pushing, striking, jerking, or other untoward physical insult to the machine which interferes with the machine’s normal operation,” I consider this to be a “manipulation” which, when accompanied by an intent to cheat, constitutes a crime under NRS Chapter 465. See Childs, 107 Nev. at 589, 816 P.2d at 1082 (Springer, J., dissenting). I would find that the prohibited conduct constituting the crime of fraudulent slot machine manipulation has been set forth with sufficient clarity as to be under stood by individuals of ordinary intelligence. United States v. Harriss, 347 U.S. 612, 617 (1954). I would therefore hold that NRS 465.070(7) is not unconstitutionally vague as applied to the facts of appellant’s case.

SUFFICIENCY OF EVIDENCE

Finally, appellant contends that there was insufficient evidence to support the judgment of conviction. In reviewing the lower court’s decision, the appellate court is confined to reviewing the evidence most favorable in support of the lower court’s decision and determining whether a reasonable interpretation indicates a sufficiency of evidence to support the lower court’s decision. See Hern v. State, 97 Nev. 529, 531, 635 P.2d 278, 279 (1981); Crowe v. State, 84 Nev. 358, 366-367, 441 P.2d 90, 95 (1968). There is substantial evidence in the record to support the decision of the district court and, therefore, it should not be overturned on appeal.
Accordingly, the judgment of conviction should be affirmed.[4]

The court notes that the appellant is the same person who was the appellant in Childs I.

NRS 465.070 provides, in relevant part:
It is unlawful for any person:
7. To manipulate, with the intent to cheat, any component of a gaming device in a manner contrary to the designed and normal operational purpose for the component, including, but not limited to, varying the pull of the handle of a slot machine, with knowledge that the manipulation affects the outcome of the game or with knowledge of any event that affects the outcome of the game.

The gist of appellant’s criminality is his “intent to cheat.” NRS 465.070(7). The court has previously held that “cheat” as defined in Chapter *1061 465 is not unconstitutionally vague. Sheriff v. Martin, 99 Nev. 336, 662 P.2d 634 (1983). There is no reason to believe that appellant could not understand the word cheat as it is used in this case.

The Honorable Mario G. Recanzone, Judge of the Third Judicial District Court, was designated by the Governor to sit in place of The Honorable Robert E. Rose, Justice. Nev. Const. art. 6, § 4.