132 Nev., Advance Opinion 83

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TODD MITCHELL LEAVITT,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 69218<br><br>**FILED**<br><br>DEC 29 2016<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY ___S. Young___<br>DEPUTY CLERK |

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Affirmed.*

Todd Mitchell Leavitt, Indian Springs,
in Pro Se.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Clark County,
for Respondent.

---

BEFORE PARRAGUIRRE, C.J., HARDESTY and PICKERING, JJ.

### OPINION[1]

PER CURIAM:

Appellant Todd Mitchell Leavitt filed his postconviction petition on October 20, 2015, more than 25 years after remittitur issued

---

[1]We previously issued our decision in this matter in an unpublished order. Cause appearing, we grant respondent's motion to reissue the order as an opinion, *see* NRAP 37(f), and issue this opinion in place of our prior order.

from his direct appeal in 1989. *Leavitt v. State*, Docket No. 19493 (Order Dismissing Appeal, September 28, 1989).[2] Thus, the petition was untimely filed. *See* NRS 34.726(1). The petition was also successive pursuant to NRS 34.810(1)(b)(2) because Leavitt had previously sought postconviction relief. *Leavitt v. State*, Docket No. 28987 (Order Dismissing Appeal, February 10, 1999); *Leavitt v. State*, Docket No. 50438 (Order of Affirmance, April 18, 2008). Accordingly, the petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). The district court concluded that Leavitt failed to demonstrate good cause and prejudice and denied his petition.

Leavitt contends that the district court erred by failing to consider his good cause argument regarding *Riley v. McDaniel*, 786 F.3d 719, 721 (9th Cir. 2015) (holding that it was error to give the instruction referenced in *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992), in trials conducted before *Powell v. State*, 108 Nev. 700, 838 P.2d 921 (1992), or after *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000)), *cert. denied*, 577 U.S. ___, 136 S. Ct. 1450 (2016). Although Leavitt cited *Riley* in his petition, he did not discuss *Riley*'s holding or apply it to his case. Therefore, we conclude that the district court did not err by failing to consider *Riley* and by denying the petition.

As a separate and independent ground for denying relief, we also conclude that the district court did not err by denying Leavitt's petition because we do not agree with *Riley* and therefore it would not provide good cause. *See Nika v. State*, 124 Nev. 1272, 1289, 198 P.3d 839,

_____

[2]The petition was filed more than 22 years after the effective date of NRS 34.726 on January 1, 1993.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

851 (2008) (discussing the history of Nevada law on the phrase "willful, deliberate, and premeditated," including *Hern v. State*, 97 Nev. 529, 635 P.2d 278 (1981), and explaining that prior to *Byford* this court had not required separate definitions of the terms and had instead viewed them as together conveying a meaning that was sufficiently described by the definition of "premeditation" eventually approved in *Kazalyn* and *Powell*). But even assuming that *Riley* would provide good cause, Leavitt did not establish prejudice because he did not demonstrate that the result of trial would have been different had a different instruction been given. We therefore affirm the judgment of the district court.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

_____

[3]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). We have excluded from our consideration any claims raised for the first time on appeal.