# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH VINCENT PALOVICH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72150

**FILED**

JAN 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Joseph Vincent Palovich filed his petition on October 22, 2015, more than 28 years after the remittitur issued from his direct appeal on March 20, 1987. *See Palovich v. State*, Docket No. 16288 (Order Dismissing Appeal, February 24, 1987). Thus, his petition was untimely filed. *See* NRS 34.726(1). Moreover, the petition was successive because Palovich had previously filed a postconviction petition.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Palovich's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Further, because the State specifically pleaded laches, Palovich was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

---

[1]*See Palovich v. State*, Docket No. 51488 (Order Dismissing Appeal, June 10, 2008).

18-01354

Palovich argues that the district court erred by denying his postconviction petition as procedurally barred. He contends that *Riley v. McDaniel*, 786 F.3d 719 (9th Cir. 2015), provided good cause to excuse the delay in raising his claim that the trial court erred in failing to define the elements of first-degree murder. We disagree. Palovich's reliance on *Riley* as good cause to excuse the procedural bars was misplaced. *See Leavitt v. State*, 132 Nev., Adv. Op. 3, 386 P.3d 620 (2016) (holding that *Riley* does not establish good cause). Further, Palovich's claim could have been raised sooner based on our decision in *Hern v. State*, 97 Nev. 529, 635 P.2d 278 (1981), which had been decided at the time of Palovich's direct appeal and was relied upon in both *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and *Riley*. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2000) (providing that claims asserted as good cause to excuse a procedural default must not be themselves defaulted). Even if Palovich could demonstrate good cause, as his appendix does not contain the trial transcripts, he fails to establish prejudice because he did not show that the result at trial would have been different had the jury received the *Byford* instruction. *See Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993) (explaining that the petitioner in a postconviction proceeding bears the "burden of demonstrating not merely that the errors of trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, in affecting the state proceeding with error of constitutional dimensions" (internal quotation marks omitted)); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) (observing that appellant has the burden to provide this court with an adequate record). Finally, Palovich did not overcome the presumption of prejudice to the State. *See* NRS 34.800(1) (requiring petitioner to demonstrate petition is based upon grounds of

which he could not have had knowledge to overcome the prejudice to the State in litigating the petition and that the failure to consider the claim would result in fundamental miscarriage of justice to overcome the presumption of prejudice to the State in retrying the petitioner). Therefore, we conclude the district court properly denied the petition as procedurally barred.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ Cherry _____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Elissa F. Cadish, District Judge
     Christopher R. Oram
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Palovich also argues that *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016) and *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), mandate that *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), be applied retroactively. Because this argument was not raised below, we decline to consider it for the first time on appeal. *See McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999).